15 F.3d 1085
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ernesto C. IDICA, Petitioner-Appellant,
v.
Donald A. RADCLIFFE, District Director, United States
Immigration and Naturalization Service, Department
of Justice, Honolulu, Hawaii, Respondent-Appellee.
 No. 93-15187.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1993.
Decided Jan. 25, 1994.
 
 Before: WALLACE, Chief Judge, GARTH* and WIGGINS, Circuit Judges.
 
 MEMORANDUM
 
 1
 Idica appeals from the district court's judgment dismissing his habeas corpus petition challenging the Board of Immigration Appeal's (Board) order of exclusion. The district court had jurisdiction pursuant to 8 U.S.C. Sec. 1105a(b) and 28 U.S.C. Sec. 2241. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 2253. We affirm.
 
 
 2
 Idica presents two arguments as to why he should be allowed to return to the United States despite his nearly three year absence abroad. First, he argues that he is a citizen by virtue of his mother's United States citizenship. The Nationality Act of 1940 was the applicable law in effect at the time of Idica's birth. Under section 201(g) of that Act, Idica's mother is not able to transmit her citizenship to him because she did not reside in the United States for five years after her 16th birthday. Idica argues that we should nevertheless apply the concept of constructive residency in this circumstance, to conclude that the five year residency requirement is satisfied.
 
 
 3
 Whether the doctrine of constructive residency applies to transmission of citizenship from parent to child under the Nationality Act of 1940 is a question of law. In a habeas proceeding challenging an order of exclusion, we review purely legal questions concerning the requirements of the applicable immigration statute de novo. Desir v. Ilchert, 840 F.2d 723 (9th Cir.1988). In Runnett v. Shultz, 901 F.2d 782, 784-85 (9th Cir.1990), we held that the doctrine of constructive residency is inapplicable in transmission of citizenship case under section 201(g) of the Nationality Act of 1940. Thus, the Board was correct in refusing to apply the doctrine to Idica's case, which also falls under section 201(g).
 
 
 4
 Second, Idica argues that he should be admitted to the United States as a lawful permanent resident returning from a temporary absence. Because Idica's absence was not "fixed by an event certain to occur within a period relatively short," Chavez-Ramirez v. INS, 792 F.2d 932, 937 (9th Cir.1986), his absence was temporary only if he had "a continuous, uninterrupted intention to return to the United States during the entirety of his visit." Id. The Board's finding that Idica did not maintain an intention to return is a question of fact which we review for substantial evidence. Id. at 934-35.
 
 
 5
 The Board's finding is supported by substantial evidence. The Board did not believe that Idica had gone to the Philippines with the intention of caring for his grandmother and then returning to the United States. There was no evidence that his grandmother was sick; there were other family members in the Philippines to care for her; Idica quit his job in the United States, worked in the Philippines, and did not file United States income tax returns. He also did not contact United States embassy officials to preserve his residency status.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Honorable Leonard I. Garth, United States Circuit Judge, Third Circuit Court of Appeals, sitting by designation